Tika BAHADUR, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–77311.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 20, 2007.

Manpreet Singh Gahra, Ajai Mathew, Esq., Law Office of Manpreet Singh Gahra, Berkeley, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Paul F. Stone, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM \*\*

Tika Bahadur, a native and citizen of Nepal, petitions for review of a Board of Immigration Appeals ("BIA") decision affirming the ruling of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA. *See Hoque v. Ashcroft,* 367 F.3d 1190, 1194 (9th Cir.2004). We review for substantial evidence, *Baballah v. Ashcroft,* 367 F.3d 1067, 1073 (9th Cir.2004), and we grant the petition in part, deny it in part, and remand.

Substantial evidence does not support the IJ's adverse credibility determination. First, any inconsistencies between Bahadur's testimony and application were minor in nature, and did not go to the heart of his claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Second, inconsistent statements made at an asylum interview cannot support an adverse credibility finding where the asylum officer fails to testify at the hearing. *See Singh v. Gonzales,* 403 F.3d 1081, 1087–90 (9th Cir. 2005). Third, the IJ's demeanor finding is not supported because it did not identify specific examples of evasiveness or nonresponsiveness. *See Arulampalam v. Ashcroft,* 353 F.3d 679, 686 (9th Cir.2003). Fourth, because Bahadur submitted ample documentation of his identity, his identity is not in question, and his failure to present a passport does not support an adverse credibility determination. *Cf. Singh–Kaur*

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. INS,* 183 F.3d 1147, 1152–53 (9th Cir. 1999). Finally, in the absence of any supported adverse credibility findings, Bahadur cannot be required to submit corroborating evidence. *See Ladha v. INS,* 215 F.3d 889, 901 (9th Cir.2000).

The IJ found that, even if Bahadur's testimony were credible, he would not qualify for CAT relief. Substantial evidence supports this finding because Bahadur did not establish that it was more likely than not that he would be tortured if he returned to Nepal. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Accordingly, we remand for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION GRANTED in part, DENIED in part, and REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.